[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 5, 2007
THOMAS K. KAHN
CLERK

No. 06-15138
Non-Argument Calendar
_____

Agency Nos. A78-956-585
A79-044-446

ASDRUVAL VELASQUEZ-FUNEZ,
ALBA NUNEZ CABRERA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(April 5, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Asdruval Velasquez-Funez and Alba Nunez Cabrera petition for review of

the decision of the Board of Immigration Appeals that affirmed without opinion the order of the Immigration Judge denying them asylum, 8 U.S.C. § 1158(a)(1); withholding of removal, 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture. Velasquez-Funez and Cabrera argue that the IJ erroneously denied their petitions for asylum and withholding of removal because Velasquez-Funez, a former Honduran police officer, is a member of a social group on account of which they both have been persecuted and would again be persecuted if returned to Honduras. We deny their petition.

The petitioners' burden before the IJ is settled. To be eligible for asylum, an applicant must establish that he or she is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of removal, an alien must establish that it is more likely than not that his or her life or freedom would be threatened on account of his or her race, religion, nationality, membership in a particular social group, or political opinion if returned to his or her country of origin. 8 U.S.C. § 1231(b)(3)(A).

Velasquez-Funez and Cabrera argue that they qualify for asylum and withholding of removal because they have been and would be persecuted on account of Velasquez-Funez's membership in a particular social group—that of

2

former Honduran police officers. Velasquez-Funez and Cabrera testified before the IJ that they were pursued and threatened by members of a gang after Velasquez-Funez responded to a shoot-out in which members of the gang were involved, and would continue to be pursued and threatened by the gang should they be removed to Honduras. This argument fails.

Our review of the interpretations by the BIA of statutes it is tasked with implementing "is informed by the principles of deference articulated in Chevron, U.S.A., Inc., v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S. Ct. 2778, 81 L.Ed. 2d 694 (1984)," which requires that we uphold any interpretation of the BIA that is reasonable. Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195 (11th Cir. 2006). We have upheld as reasonable the interpretation of the BIA of the phrase "particular social group" as excluding "a former police officer" who offers nothing more than that he was "singled out for reprisal, not because of his status as a former police officer, but because of his role in disrupting particular criminal activity." Id. at 1194 (internal quotation marks and citation omitted). For that reason, Velasquez-Funez and Cabrera's applications for asylum and withholding of removal are denied.

Because Velasquez-Funez and Cabrera make no arguments on appeal regarding their applications for relief under the Convention Against Torture, they have abandoned that issue. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228

n.2 (11th Cir. 2005).

Velasquez-Funez and Cabrera's petition for review is

**DENIED.**